Argued April 30, reversed and remanded June 17, petition for
rehearing denied September 9, 1964

## STATE OF OREGON *v.* HOWELL
393 P. 2d 158

*Oscar D. Howlett,* Portland, argued the cause and
filed briefs for appellant.

*Patrick D. Gilroy,* Deputy District Attorney, Oregon City, argued the cause and filed a brief for respondent.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

## SLOAN, J.

Defendant was convicted, by a jury, of the crime of larceny by embezzlement. He appeals. He claims that evidence used against him was obtained by an unlawful search and seizure.

Defendant had been employed as a bartender at a Pinafore Restaurant in Oswego. A custodian arrived to clean the restaurant at about 5:30 a.m. on January 22, 1963. The custodian found that a window had been broken in, the interior of the place had been ransacked and money taken. The police officers who investigated the apparent robbery fastened suspicion on defendant. Later in the morning the officers went to his home and gained admittance by his consent. They searched the place, how thoroughly does not appear. The officers did ask for and defendant gave them his clothing. The clothing was scrutinized by experts who opined that particles of glass from the broken window were found in the fabric of defendant's clothes. Accordingly, the officers obtained a warrant for defendant's arrest. Five officers went to his home to execute the warrant. The officers did not bother to seek a search warrant.

Defendant shared a two story house with another man named Pynn. Pynn resided in an apartment on the second floor of the house. Defendant lived in a

small apartment consisting of bedroom and bath on the lower floor. When the officers arrived at this house defendant was in Pynn's apartment. Pynn was present and admitted the officers. Defendant was immediately arrested and handcuffed. Defendant then asked to be taken to his own apartment to change his clothes. He was taken there by three of the officers.

While defendant was changing his clothes the officers searched his bedroom. Other officers searched a nearby garage or storage room. One of the officers examined the small bathroom. He observed a wall panel commonly used to cover plumbing. The panel was fastened to the wall with screws. The officer testified that when he had searched defendant's room on the previous day he had noted that this panel was fastened to the wall with only one screw. He stated at the time in question he observed two screws securing the panel and a screw driver on a shelf in the bathroom. This aroused his suspicion so he removed the screws and the panel. In the space behind the panel he found a green sack of the kind used by business people to carry money to a bank. The sack contained something more than $500 in cash. Both before and during the trial defendant made appropriate motions to suppress this evidence so obtained.

The entire scope of the search and seizure problem has been exhaustively discussed in the opinions in *State v. Chinn,* 1962, 231 Or 259, 373 P2d 392, and *State v. Krogness,* 1963, 238 Or 135, 388 P2d 120. It must be clear from these opinions, and the authority therein cited, that in each case we went to the outer limits of permissive search or seizure to sustain the use of the evidence taken. This case goes one step, at least, beyond. We have concluded the evidence should not have been admitted.

■■ Our considerations are these: There was no possible question of officer safety, a weapon could not have been concealed behind the panel and suddenly seized by defendant. In the small rooms occupied by defendant it would have been readily apparent that no other person was present who might have aided defendant in an attempt to escape. Defendant was incapable of destroying any evidence. A search of defendant's person, at the moment of his arrest was justified. But, for the reasons just stated, there was no justification for the search, without a warrant, of the premises other than those wherein defendant was arrested. *Agnello v. United States,* 1925, 269 US 20, 46 S Ct 4, 70 L Ed 145, 51 ALR 409. The arrest was made in Pynn's apartment. The arrest was completed when defendant and the officers went to defendant's apartment. The *Agnello* case makes it clear that a search at that juncture, without a warrant, cannot be justified as an incident of arrest.

It follows that the case must be returned for a new trial from which the challenged evidence must be excluded.

GOODWIN, J., dissenting.

I believe the search was legal. It will be remembered that the defendant was arrested in the upstairs apartment. A search, of undisclosed intensity, was made of that apartment. That search did not produce the fruits of the crime. The police knew a bank-deposit bag had been stolen, and reasonably assumed that it was still in the possession of the thief.

The record reveals that the defendant took the police to his own apartment. For all practical purposes, the officers were in his apartment by invitation. The defendant would not have been allowed to

stop in his rooms without his escort. While lawfully in the defendant's rooms, an officer noticed the changed condition of the wall panel.

Knowing that the loot from the tavern had not yet been found, and knowing that the loot was likely to be somewhere about the defendant's lodgings, the officer reasonably believed it had been hidden behind the wall panel. I do not believe that the officer's subsequent search was exploratory.

The fruits of crime are seizable with a warrant under ORS 141.010. They are equally seizable in a search made without a warrant as a proper incident of a lawful arrest. *State v. Chinn*, 231 Or 259, 373 P2d 392 (1962).

The critical question in this case is whether the search that uncovered the loot was a reasonable incident of the arrest that had just been made. The search was intensive, but it was made of an area that showed evidence of a recent attempt at concealment. Under the circumstances, I am satisfied that the intensity of the search was not so unreasonable as to disqualify the search as an incident of the arrest.

The majority does not hold that the search automatically became unreasonable when it was shown that the officers could have sent one of their number to a magistrate for a warrant. A warrant no doubt could have been obtained. However, the search was made in the defendant's presence, and while the officers were in the process of removing him from his home. It was part of the same transaction in which he was arrested.

The majority treats the arrest of the defendant in the upstairs apartment as a completed transaction. The opinion implies that once the defendant had been placed under police control, and the officers had seen

to their safety from hidden weapons, confederates, and the like, their power to search was exhausted and could not be revitalized. This ignores the right of the officers to seize the fruits of the crime. There is no Fourth Amendment reason in this case to treat the arrest as a split-level transaction and thereby to deny the officers the right they clearly would have had to search the defendant's rooms if they had made the arrest in his apartment. See *Abel v. United States,* 362 US 217, 80 S Ct 683, 4 L Ed2d 668 (1960); *United States v. Rabinowitz,* 339 US 56, 70 S Ct 430, 94 L Ed 653 (1950); *Harris v. United States,* 331 US 145, 67 S Ct 1098, 91 L Ed 1399 (1947). It would seem that this search was incidental to the arrest.

If a search is incidental to a lawful arrest, the search is not made unlawful simply because it might also have been justified under a warrant which the officers could have obtained. *United States v. Rabinowitz,* 339 US 56, supra. The alternative rule, that any search made by officers in the execution of an arrest is arbitrarily declared illegal and the fruits thereof excluded from evidence when it appears that it was possible to obtain a search warrant, was announced by the United States Supreme Court, but was abandoned after two years as unrealistic. Compare *Trupiano v. United States,* 334 US 699, 68 S Ct 1229, 92 L Ed 1663 (1948), and *United States v. Rabinowitz, supra.*

PERRY and DENECKE, JJ., join in this dissent.